O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PANAGIOTIS THEODOROPOULOS, AN INDIVIDUAL, ET AL., | ) ) ) ) ) |
| | Case No. CV 12-7938 JGB (RZx) |
| Plaintiffs, | ) |
| v. | ) **ORDER GRANTING** |
| COUNTY OF LOS ANGELES, ET AL. | ) **DEFENDANTS' MOTION FOR** ) **SUMMARY JUDGMENT** ) |
| Defendants. | ) ) |
| _____ | ) |

Before the Court is a Motion for Summary Judgment

filed by Defendants County of Los Angeles and Verny

Grajeda[1] ("LA County").  ("Motion," Doc. No. 30.)  The

Court previously vacated the hearing on the Motion.

(Doc. No. 34.)  After considering the papers timely

filed in support of the Motion, the Court GRANTS the

Motion and DISMISSES this action WITH PREJUDICE.


## I.   BACKGROUND

**A.   Allegations in the Complaint**

Plaintiffs Panagiotis Theodoropoulos, d/b/a as

Eliki Olive Oil and Aliki's Greek Taverna, and Eliki

Olive Oil, LLC (collectively, "Theodoropoulos") filed a

Complaint against LA County on September 14, 2012.

(Complaint, Doc. No. 1.)  The Complaint states two

claims for relief: (1) deprivation of rights under the

Fourteenth Amendment, in violation of 42 U.S.C. § 1983,

for charging fees in violation of various provisions of

the Los Angeles County Code and California Health and

Safety Code, and (2) illegal expenditure of funds in

---

[1] Erroneously sued as "Vernie Grajeda."

violation of California Code of Civil Procedure ("CCP") 526a.

Theodoropoulos complains that LA County has been grossly overcharging him for permits to sell small, packaged foods at twenty farmer's markets in Los Angeles.[2] (Compl., ¶¶ 18-20.)  Theodoropoulos challenged the Environmental Health ("EH") division of the Los Angeles County Department of Health ("LACDH"), the relevant County administrative agency responsible for levying and collecting these fees, to show him its authority to charge those fees on a quarterly basis. (Id. ¶ 22.)  After meeting with Defendant Grajeda, Theodoropoulos determined that the EH was intentionally overcharging him these fees.  (Id. ¶¶ 23-26.)  When Theodoropoulos filed complaints about the fees with the

_____

[2]  In 2003, the quarterly food permits were raised from $45.00/quarter to $145.00/quarter.  (Compl., ¶ 15.)  Beginning sometime 2006 through at least May 2008, the fees were increased to $166.00/quarter.  (Id. ¶¶ 19, 32.)  Apparently, Theodoropoulos was being charged these fees for every farmer's market in which he sold the food; this, according to Theodoropoulos, meant he was being charged $13,280/year to sell his food at the farmer's markets.  (See id. ¶ 19.)

EH however, the EH retaliated by filing "57 fraudulent and retaliatory misdemeanor counts" against him.[3]  (Id. ¶ 29, 51-57.)

Later, the EH then lowered the quarterly food permit fee to $58.00, but also began charging a $39.50 "Food Demonstrator" fee; this forced Theodoropoulos to pay for two permits when only one should have been necessary.  (Id. ¶¶ 34-37, 58.)  When he refused to pay the additional "Food Demonstrator" fee he was singled out for retaliation once again.[4]  (Id. ¶ 37.)

As a result of complaints Theodoropoulos made to the EH, the County undertook a "Fee Study," and thereafter lowered the cost for the relevant food sale

---

[3] These charges were filed against Theodoropoulos for operating various businesses, including Eliki Olive Oil and Aliki's Greek Taverna, without the proper permit.  (Id. ¶¶ 64-65.)

[4] The acts of retaliation included: (1) the previously mentioned misdemeanor charges, (2) raising the cost of inspection of the Eliki Olive Oil facility by $321 (id. ¶ 48), (3) surveilling the activities at Aliki's Greek Taverna, and lowering its health rating grade from an "A" to a "B" (id. ¶¶ 59, 61), and (4) subjecting his farmer's market locations and Eliki Olive Oil to heightened scrutiny and "Neat Pick[ing]" (id. ¶¶ 29, 60, 62-63).

permit to a $182.00 annual fee.  (Id. ¶ 38.)  According to Theodoropoulos, the County's decision to lower the fee in July 2011 from $166.00/quarter to $182.00/year is proof that the $39.50 "Food Demonstrator" fee was unnecessary and illegal.  (Id.)  At the same time, Theodoropoulos contends that the new $182.00/year fee is still illegal and "extortionate" because the fee is not for purposes of recouping the actual costs of inspection, but instead, is used "to pay the Defendants' salaries, bonuses and overtime pay . . . ."  (Id. ¶¶ 39, 42.)  LA County still charges these fees.  (Id. ¶ 70.)


**B.   Procedural History**

LA County filed its Answer on January 31, 2013.  (Doc. No. 10.)  On January 3, 2014, LA County filed a motion to compel answers to interrogatories and answers to requests for production from Theodoropoulos.[5]  (Doc.

---

[5] The motion also noted that Plaintiffs had failed to respond to requests for admission as well, and that LA County would deem those requests as admitted.

No. 23.)   Theodoropoulos filed no response to the motion and his counsel did not appear at the hearing; Magistrate Judge Zarefsky granted the motion to compel and further ordered Theodoropoulos to pay the costs incurred by LA County in bringing the motion.  (Doc. No. 29.)

Theodoropoulos then filed a motion for leave to file an amended complaint (Doc. No. 25), which was stricken from the record because the motion was improperly noticed.  (See Doc. Nos. 26, 28.)  No amended motion was filed.

On April 1, 2014, LA County filed the instant Motion.  In support of the Motion, LA County filed the following documents:

- Memorandum of Points and Authorities (Doc. No. 30);

- Statement of Undisputed Facts and Conclusions of Law ("SUF," Doc. No. 30-1);

- Declaration of Angelo Bellomo (Doc. No. 30-2);

- Declaration of Richard Vandenberg (Doc. No. 30-3);

- Declaration of Renee Jensen (Doc. No. 30-4);

- Appendix of Exhibits (Doc. No. 30-5)

- Request for Judicial Notice ("RJN," Doc. No. 30-6).

As with the motion to compel, Theodoropoulos has not opposed the Motion.  On April 25, 2014, LA County filed its Reply, arguing that Theodoropoulos has failed to raise any genuine issue of material fact, and therefore summary judgment should be entered in its favor.  ("Reply," Doc. No. 33.)

**C.   Requests for Judicial Notice**

Along with the Motion, LA County filed a Request for Judicial Notice.  In the RJN, LA County requests the Court to take Judicial Notice of:

7

- Los Angeles County Code § 8.04.540

- Los Angeles County Code § 8.04.550

- Los Angeles County Code § 8.04.710

- Los Angeles County Code § 8.04.910


Pursuant to FRE 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). Municipal ordinances are properly subject to judicial notice. Long Beach Area Peace Network v. City of Long Beach, 574 F.3d 1011, 1026 n.1 (9th Cir. 2009). Accordingly, the Court GRANTS judicial notice of these statutes.

///

///

///

## II. LEGAL STANDARD[6]

**A.  Summary Judgment**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when it affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).


The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323. This burden may be satisfied by either (1) presenting evidence to negate an essential element of the non-moving party's case; or (2) showing that the non-moving

_____

[6] Unless otherwise noted, all references to "Rule" refer to the Federal Rules of Civil Procedure.

party has failed to sufficiently establish an essential element to the non-moving party's case.  Id. at 322-23. Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

However, where the moving party bears the burden of proof at trial, the moving party must present compelling evidence in order to obtain summary judgment in its favor.  United States v. One Residential Property at 8110 E. Mohave, 229 F. Supp. 2d 1046, 1047 (S.D. Cal. 2002) (citing Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir. 1998) ("The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive.")).  Failure to meet this burden results in denial of the motion and the Court need not consider the non-moving party's

evidence.  One Residential Property at 8110 E. Mohave,
229 F. Supp. 2d at 1048.


     Once the moving party meets the requirements of
Rule 56, the burden shifts to the party resisting the
motion, who "must set forth specific facts showing that
there is a genuine issue for trial."  Anderson, 477
U.S. at 256.  The non-moving party does not meet this
burden by showing "some metaphysical doubt as to the
material facts."  Matsushita Elec. Indus. Co., Ltd. v.
Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Genuine
factual issues must exist that "can be resolved only by
a finder of fact because they may reasonably be
resolved in favor of either party."  Anderson, 477 U.S.
at 250.  When ruling on a summary judgment motion, the
Court must examine all the evidence in the light most
favorable to the non-moving party.  Celotex, 477 U.S.
at 325.  The Court cannot engage in credibility
determinations, weighing of evidence, or drawing of

legitimate inferences from the facts; these functions

are for the jury.  <u>Anderson</u>, 477 U.S. at 255.

**B.  Failure to Oppose Summary Judgment**

Failure to file an opposition to a summary judgment

motion is not an independent ground upon which to grant

the motion.  The Ninth Circuit has made clear that "a

nonmoving party's failure to [file an opposition] does

not excuse the moving party's affirmative duty under

Rule 56 to demonstrate its entitlement to judgment as a

matter of law."  <u>Martinez v. Stanford</u>, 323 F.3d 1178,

1182 (9th Cir. 2003) (discussing granting summary

judgment for failure to file an opposition in violation

of a Local Rule).  Regardless of whether the non-moving

party files an opposition to a motion for summary

judgment, the district court may not enter judgment in

favor of the moving party unless they meet their burden

to show there are no genuine issues of material fact

and they are entitled to judgment as a matter of law.

<u>Id.</u> at 1183.

# III. STATE OF THE EVIDENCE

## A.   Effect of Theodoropoulos's Failure to Respond to Requests for Admission

LA County's principal argument in favor of summary judgment is that there are no disputed facts because Theodoropoulos utterly failed to respond to any of its requests for written discovery, including requests for admission, requests for production, and special interrogatories. (See Mot. at 3-6.) As noted above, LA County was forced to file a motion to compel, which was subsequently granted, with costs imposed for Theodoropoulos's failure to oppose the motion or appear at the hearing. (Id. at 3; Doc. No. 29.) More important to the instant Motion, however, is Theodoropoulos's failure to submit a timely response to LA County's requests for admission; pursuant to Rule 36(a)(3), failure to respond to a request for admission deems the matter admitted.[7] "No motion to establish the

---

[7] LA County notes that Theodoropoulos attempted to serve a response to its requests for admission on February 20, 2014, well past the twice-extended deadline of November 20, 2013. (SUF ¶¶ 4-8.)

admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing." F.T.C. v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). Though Rule 36(b) allows a party to, on motion, withdraw or amend an admitted matter, Theodoropoulos has not availed himself of this rule. (SUF ¶ 9.) As Theodoropoulos has not responded to or requested withdrawal of his admissions, each of the admitted matters is "conclusively established," for purposes of this litigation. Fed. R. Civ. P. 36(b). "Once a matter has been deemed admitted under Rule 36, even by default, the court may not consider evidence that is inconsistent with the admission." Am. Gen. Life & Acc. Ins. Co. v. Findley, 2013 WL 1120662, at *3 (C.D. Cal. Mar. 15, 2013) (citing 999 v. C.I.T. Corp., 776 F.2d 866, 869-70 (9th Cir. 1985), Cook v. Allstate Ins. Co., 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004)). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007)

(citing <u>O'Campo v. Hardisty</u>, 262 F.2d 621, 624 (9th Cir. 1958)); <u>Layton v. Int'l Ass'n of Machinists & Aerospace Workers</u>, 285 F. App'x 340, 341 (9th Cir. 2008)).

**B.   Theodoropoulos's Admitted Facts**

Given his failure to respond to LA County's requests for admission, Theodoropoulos has admitted the following facts:

- There is no evidence to support Theodoropoulos's contention that LA County engaged in excessive restaurant or farmer's market permit fees, or that inspection fees charged exceeded the cost of inspection.  (SUF ¶¶ 11-12.)

- There is no evidence that the fees collected by LA County from Theodoropoulos from 2000 to the present were illegal.  (SUF ¶ 13.)

- LACC § 8.04.710 allows public health licenses or permit fees to be charged on a quarterly basis. (SUF ¶ 14.)

- None of the LA County defendants deprived Theodoropoulos of any rights conferred by the Fourteenth Amendment. (SUF ¶¶ 15-16.)

- None of the LA County defendants deprived Theodoropoulos of any rights, privileges, or immunities secured by the Constitution or laws of the United States pursuant to 42 U.S.C. § 1983. (SUF ¶¶ 17-18.)

- Theodoropoulos did not sustain any damages, loss of income, loss of earnings, lost profits, or expected future damages caused by the actions of LA County as alleged in the Complaint. (SUF ¶¶ 19-20.)

**IV. DISCUSSION**

**A.   Theodoropoulos's § 1983 Claim**

To state a claim for a violation of 42 U.S.C. § 1983, the plaintiff must show: (1) the defendants acted under color of law, and (2) their conduct deprived him of a constitutional right.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).  Here, however, Theodoropoulos's admissions have conclusively established that he was not deprived of any rights pursuant to § 1983.  (SUF ¶¶ 17-18.)  As there is no genuine dispute of material fact with respect to an essential element of this claim, the Court must grant summary judgment in favor of LA County as to this claim.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007) ("To withstand summary judgment, Galen must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial.").

**B.   Theodoropoulos's CCP 526a Claim**

Theodoropoulos's second claim is that LA County violated CCP 526a because the restaurant and farmer's market food permit and health inspection fees were an "illegal exaction," and therefore any expenditure of those fees is also illegal.  (Compl., ¶ 91.)

California Code of Civil Procedure provides:

> An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein.

Cal. Civ. Proc. Code § 526a.  "The purpose of this statute, which applies to citizen and corporate taxpayers alike, is to permit a large body of persons to challenge wasteful government action that otherwise would go unchallenged because of the standing

requirement." <u>Waste Mgmt. of Alameda Cnty., Inc. v.</u>
<u>Cnty. of Alameda</u>, 79 Cal. App. 4th 1223, 1240 (2000).
A plaintiff must plead these claims with specific facts
and reasons why an illegal expenditure has occurred;
general allegations, innuendo, and legal conclusions
are not sufficient. <u>Vasquez v. State of California</u>,
105 Cal. App. 4th 849, 854 (2003). Where a
government's underlying conduct is legal, no action
under 526a may be maintained. <u>Coshow v. City of</u>
<u>Escondido</u>, 132 Cal. App. 4th 687, 714 (2005).

Specifically, Theodoropoulos contends that LA
County's fee structure violates California Health and
Safety Code § 114381, which states that "Fees [relating
to the permitting of a food facility] shall be
sufficient to cover the actual expenses of
administering and enforcing this part. The moneys
collected as fees shall only be expended for the
purpose of administering and enforcing this part."
Cal. Health & Safety Code § 114381. According to the

Complaint, LA County's food permitting scheme charged "a totally outrageous amount to pay for farmers' market inspection fees[8]," and given the amounts charged, it is impossible that all of that money was being expended to administer the scheme.  Thus, the Complaint argues, any moneys collected that were spent amount to an "illegal expenditure."

Again, however, Theodoropoulos's admissions belie these allegations.  Those admissions have conclusively proven for purposes of this litigation that: (1) there is no evidence to support the allegation that LA County engaged in excessive restaurant or farmer's market permit fees, or (2) that inspection fees charged exceeded the cost of inspection or that the fees collected by LA County from him from 2000 to the present were illegal.  (SUF ¶¶ 11-13.)  As

_____

[8] It is not clear that CCP 526a even applies to fees, as the statute only appears to contemplate taxes, which are distinguishable from fees.  See Wheatherford v. City of San Rafael, 226 Cal. App. 4th 460, 466 n.5 (2014) reh'g denied (June 16, 2014) (taxes are distinguishable from fees).

Theodoropoulos concedes that no action on LA County's part was illegal, the Defendants could not have violated CCP 526a.   See Coshow, 132 Cal. App. 4th at 714.   Accordingly, the Court will grant summary judgment in favor of LA County as to this claim.

**C.   Theodoropoulos's Counsel's Conduct**

The Court notes, finally, that Theodoropoulos's counsel's dilatory conduct in prosecuting this action was a serious hindrance to his success, or, for that matter, analysis of his claims on the merits. Counsel's conduct in failing to respond to written discovery or appear at the hearing on the motion to compel resulted in the imposition of monetary sanctions.   His continuing failure to comply substantially with Magistrate Judge Zarefsky's order prevented LA County from taking depositions in anticipation of filing this Motion.   He failed to notice any depositions and served no written discovery. He failed to engage with defense counsel prior to the

filing of this Motion so that both parties could discharge their meet and confer obligations pursuant to Local Rule 7-3.  He failed to oppose the motion for summary judgment.  Most importantly, however, counsel's failure to respond to the requests for production directly resulted in the Court's granting of the Motion and the dismissal of this action with prejudice.  In short, counsel's performance in this action has been a drain on opposing counsel and the Court's valuable time, and no doubt was also a substantial cost to Theodoropoulos as well.

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS LA County's Motion for Summary Judgment and DISMISSES this action WITH PREJUDICE.

Dated: July 18, 2014      _____

Jesus G. Bernal
United States District Judge